**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1269
_____

MOHAMMED A. HOSSAIN,
a/k/a Mozzam Hossain,
a/k/a Sarif Samim,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

On Petition for Review of a Decision and Order of
the Board of Immigration Appeals
(BIA No. A090-654-882)
Immigration Judge:  Honorable Walter Durling

Submitted June 21, 2011

Before:  CHAGARES, JORDAN and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>.

(Filed June 27, 2011)
_____

OPINION
_____

CHAGARES, <u>Circuit</u> <u>Judge</u>.

Mohammed Hossain petitions for review of a decision by the Board of

Immigration Appeals ("BIA") denying him cancellation of removal and ordering him

removed from the United States. We lack jurisdiction to consider Hossain's challenge to the BIA's discretionary decision and will, therefore, dismiss the petition.

I.

Because we write solely for the benefit of the parties, we will only briefly recite the essential facts. Hossain, a forty-five year old native and citizen of Bangladesh, entered the United States on an F-1 nonimmigrant student visa in 1986 and was granted legal permanent residence approximately four years later. On February 27, 2009, Hossain was issued a Notice to Appear and charged with removability, pursuant to 8 U.S.C. § 1227(a)(2)(C), as an alien convicted of a firearm-related offense after admission. At his removal proceedings Hossain conceded that he was removable as charged, but sought cancellation of removal under 8 U.S.C. § 1229b(a).[1] The Immigration Judge ("IJ") exercised his discretion and granted the relief sought.

In reaching this discretionary determination, the IJ noted the following equities weighing in Hossain's favor: Hossain "for all accounts, on the one hand, has been rather successful in the United States." Appendix ("App.") 6. He has paid all of his taxes since 1988 and has been gainfully employed for most of that time, working as an agricultural worker, taxi driver, real estate agent, construction worker, and, most recently, aspiring entrepreneur. Hossain has an eighteen-year-old son and a fifteen-year-old daughter, both

---

[1] Section 1229b(a) provides that the Attorney General may cancel the removal of an alien who is inadmissible or deportable if the alien:
> (1) has been an alien lawfully admitted for permanent residence for not less than 5 years,
> (2) has resided in the United States continuously for 7 years after having been admitted in any status, and
> (3) has not been convicted of any aggravated felony.

of whom reside in and are citizens of the United States. He pays child support for the care of his minor daughter and he sees his children as often as he is able. He has a loving relationship with his children and would like to remain in the United States in order to be a father to them. Hossain also has a fiancé, who lives in the United States and whom he plans to marry here. Additionally, his mother is a legal permanent resident of the United States, spending several months each year here, and two of his sisters reside permanently in this country.

The IJ also noted a number of adverse factors, which weighed against a favorable exercise of discretion. Most importantly, the IJ recognized that Hossain "is in the United States Immigration Court [] because of his criminal record." App. 7. Hossain's criminal record begins with a 1995 conviction for criminal possession of a weapon, the offense for which he was charged with removability. He also has four convictions for driving under the influence of alcohol — two in 1995, one in 1998, and one in 2000. For at least two of these alcohol-related offenses, Hossain was not driving a vehicle but was nevertheless charged appropriately under New York law. Hossain also has three convictions, which the IJ characterized as "de minimus," for marijuana possession. Hossain was not sentenced to jail for any of these drug offenses and the latter two were conditionally discharged after he pleaded guilty.[2]

Finally, Hossain's criminal record includes an arrest for assault following an incident of domestic violence with his fiancé that occurred in February 2009. Hossain

---

[2] Hossain represented that he has not consumed alcohol since 2000 and that he stopped using marijuana, which he took to control pain, in 2007 and "is now under the care of a physician for pain management." App. 8.

and his fiancé initially offered inconsistent testimony regarding this incident. The IJ was particularly concerned by the fact that Hossain "tried to convince the Court that [the assault] was just totally inadvertent and innocent injury where it really was not." App. 10. After the IJ admonished Hossain that "it is important to come to the Court with clean hands [and] to own up to all failures that an individual causes himself" when seeking discretionary relief, App. 10, Hossain admitted that he pushed his fiancé into a piece of furniture, causing her to sustain an injury for which she received treatment at the hospital. The assault charges were subsequently dropped because Hossain's fiancé decided not to pursue the complaint that she filed with the police. She testified at the removal proceedings that she loved Hossain, did not fear him at all, and looked forward to marrying him.

In deciding to grant Hossain cancellation of removal, the IJ "fully consider[ed] all of the evidence of record, both pro and con" and determined that "the pro probably eeks past the con" because "the positive equities outweigh the criminal record in this case." App. 12. The IJ highlighted that Hossain "acquitted himself rather well in relation to trying to achieve the American dream[,]" App. 11, and "has done a lot more than most people coming into the court . . . . He is a successful real estate agent, he received awards for it, he owns real estate in Philadelphia, he has spent a lot of money to open a restaurant in the Atlantic City area, he has 20 employees waiting to go back to work if he gets out." Id.

As for Hossain's apparent substance abuse, the IJ accepted Hossain's representations of continuing sobriety and determined that Hossain had shown clear

4

rehabilitation. The IJ stated that Hossain's "latest conviction is three years ago, the latest DUI is nine years ago." App. 12. And though "[g]overnment counsel's observations are certainly worthy of consideration and [] are not wholly unreasonable, [] the Court believes or wants to believe that the respondent has truly reformed himself." App. 12. Accordingly, on balance, the IJ concluded that Hossain warranted cancellation of removal, as a matter of discretion, to "giv[e] him the one last chance to completely reform himself or redeem himself in the United States society." App. 12.

The Government appealed the IJ's decision, arguing that the IJ failed to analyze and weigh properly the positive and negative factors in this case. The BIA sustained the Government's appeal, concluding that the circumstances presented by Hossain's case did not in fact warrant a favorable exercise of the agency's discretion. Specifically, the BIA was convinced that, although Hossain indeed had significant equities weighing in his favor, the weight of the adverse factors — namely, his extensive criminal record — precluded it from finding that it would be in the best interest of the United States to grant Hossain discretionary cancellation of removal. Hossain filed a timely petition for review.

## II.

"Relief in the form of cancellation of removal is within the discretion of the Attorney General[.]" Mendez-Reyes v. Att'y Gen., 428 F.3d 187, 189 (3d Cir. 2005). This Court generally lacks jurisdiction to review such discretionary decisions. Id. (citing 8 U.S.C. § 1252(a)(2)(B)(i)). We retain only "narrowly circumscribed" jurisdiction to review "colorable [constitutional] claims or questions of law" raised upon

5

a petition for review of the BIA's decision regarding cancellation of removal. Pareja v. Att'y Gen., 615 F.3d 180, 186 (3d Cir. 2010).

Hossain asserts that we may exercise jurisdiction over his petition because he has raised a colorable question of law: whether the BIA conformed with its own regulations mandating that it defer to the factual findings of the IJ, unless they are clearly erroneous, and that it refrain from engaging in independent factfinding. [3] See 8 C.F.R. § 1003.1(d)(3)(i), (iv). We agree that a colorable claim that the BIA applied an improper standard of review would present a legal question subject to our review. Nonetheless, we are without jurisdiction to review the merits of Hossain's petition because he has pointed to little of substance which would indicate that the BIA may have failed to conform with the requirements of 8 C.F.R. § 1003.1(d)(3)(i), (iv). A comparison of the two opinions makes clear that the BIA did not, as Hossain contends, contradict or disturb the IJ's factual findings. Rather, the BIA balanced the equities and adverse factors and determined that, despite the IJ's conclusion to the contrary, the weight of the adverse factors precluded a favorable exercise of discretion. And, notably, Hossain readily concedes, as he must, that "the BIA has discretion to balance the equities and negatives in a different manner than an IJ[.]" Hossain's Reply Br. 4-5.

In short, although Hossain asserts that he is challenging the BIA's misapplication of a legal standard, in essence, his claim is only that the BIA insufficiently valued those

---

[3] We summarily dispose of Hossain's claim that the BIA violated his right to due process by "fail[ing] to act as a neutral fact finder and instead adopt[ing] the DHS brief," Hossain's Br. 21, because "an alien seeking discretionary relief from removal has no cognizable liberty or property interest." Jean-Louis v. Att'y Gen., 582 F.3d 462, 465 n.4 (3d Cir. 2009).

equities upon which the IJ relied in finding that relief was warranted.  See, e.g., Hossain's Br. 18 ("The equities were substantial in Mr. Hossain's case and inappropriately downplayed by the BIA and the DHS.").  Hossain's petition thus challenges a discretionary determination and we are without jurisdiction to consider it. See Pareja, 615 F.3d at 187 ("If a claim is frivolous. . . we lack jurisdiction to review it, no matter its label. . . .  In other words, a party may not dress up a claim with legal clothing to invoke this Court's jurisdiction.").

### III.

For the foregoing reasons, we will dismiss the petition.